IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DIRECTV, Inc., | : | |
| Plaintiff | : | Civil Action 2:08-cv-00605 |
| v. | : | Magistrate Judge Abel |
| | : | |
| Roy K. Walls, Jr., *et al.*, | | |
| | : | |
| Defendants | | |
| | : | |

**ORDER**

Plaintiff DIRECTV, Inc. brings this action against Defendants Roy K. Walls, Jr. and Jacks Corner Pub ("Defendants") for willfully receiving and displaying satellite programming to the public for commercial benefit or financial gain without proper authorization. This matter is before the Magistrate Judge on Defendants' April 29, 2009 Motion to Compel Plaintiff to produce documents (Doc. #13).

For the reasons that follow, Defendant's Motion to Compel Production of Documents is DENIED.

I. Facts

On June 23, 2008 Plaintiff DIRECTV, Inc., filed this action against Defendants alleging that on or about and prior to September 23, 2007, Defendants willfully received and displayed satellite programming, including National Football League games avail-

able through DIRECTV's premium "Sunday Ticket," to the public for commercial benefit or financial gain without the authorization of DIRECTV. (Doc. #1 at ¶12). Plaintiff alleges that Defendants without entitlement, prior permission, authorization, and having paid for the right received, broadcasted, used or displayed DIRECTV's satellite programming in the commercial establishment, Jacks Corner Pub, for the benefit of its customers and employees in violation of 18 U.S.C. § 2511 and 47 U.S.C. § 605, among other statutes. (Doc. #1 at ¶13). Plaintiff alleges DIRECTV has been damaged by Defendants in that it has been denied subscription fees, sales have been reduced by unfair competition with its authorized customers, and its proprietary rights in satellite programming have been impaired. (Doc. #1 at ¶14).

As this case entered the discovery process, Defendants propounded requests to Plaintiff's counsel, including a Request for Production of Documents, of which three are at issue in the present motion to compel, as follows:

1. A copy of each and every subscription, application for subscription, request for subscription, contract, and agreement provided by Defendants to Plaintiff, or Plaintiff to Defendants.
. . .
3. A copy of each and every agreement, contract, installation request and/or order concerning the premises located at 2480-2482 Summit Street, Columbus, Ohio since the year 1997, which may include former customer(s) of DIRECTV at the location.
. . .
6. A copy of any and all internal memorandum, correspondence, e-mails, communications, or other writings of Plaintiff, or its agents, employees, and/or representatives, relating to the agreement(s) or contract(s) between Defendants and Plaintiff.

(Doc. #13).

Defendant states that while Plaintiff responded to the discovery requests "to some degree, no contract or agreement, nor any other related-document, was ever provided to counsel for Defendants." (Doc. #13). The main document that Defendant argues was withheld, necessitating the motion to compel, is a written contract between the parties that Defendant alleges Plaintiff's counsel represented as being in possession of at the Preliminary Pretrial Conference. (Doc. #13).

Plaintiff responded, in relation to the numbered requests above, as follows:

1. A copy of the records from DirecTV is attached hereto. This answer is subject to amendment after completion of discovery.
. . .
3. Objection. Information regarding prior customers cannot be provided. However, a copy of the records from DirecTV is attached hereto. This answer is subject to amendment after completion of discovery.
. . .
6. None. Copies of same would already be within possession of Defendants. This response is subject to amendment after discovery is complete.

(Doc. #17). Plaintiff asserts that they have "produced all of the requested documents in its possession." (Doc. #17). In regards to the written contract between the parties requested by Defendant, Plaintiff alleges that at the Preliminary Pretrial Conference Plaintiff's counsel was referring to "the DIRECTV CUSTOMER AGREEMENT which is provided to each residential DIRECTV customer" and that the document has been previously provided to Defendant's counsel. (Doc. #17).

3

Defendant did not file a Reply to Plaintiff's Response to Defendant's Motion to Compel (Doc. #17) alleging any further shortcoming in Plaintiff's responses to the requests for the production of documents or providing any substantiation that Plaintiff is in fact in possession of further documentation.

**II. Standard**

Federal Rule of Civil Procedure 26 generally enables parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "A party may serve on any other party a request within the scope of Rule 26(b) . . . ." Fed. R. Civ. P. 34(a). Upon the failure of a party to respond to a discovery request or an evasive or incomplete response treated as such (Fed. R. Civ. P. 37(a)(4)), a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). However, the scope of discovery is within the broad discretion of the trial court. *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984).

**III. Discussion**

The crux of Defendant's argument is that Plaintiff's has provided incomplete responses to Defendant's requests for the production of documents. Defendant maintains that they have provided all the documents requested. Since Defendant has not

4

filed a reply to Plaintiff's response or provided any further evidence in the case to convince the Court that further documentation exists in Plaintiff's possession, the Court must determine if it appears that Plaintiff's responses were incomplete based on the facts and information provided in Plaintiff's Motion to Compel (Doc. #13) and Defendant's Response (Doc. #17).

Defendant's only support for the existence of a written contract between the parties is their allegation that Plaintiff's counsel represented to the Court and the parties involved that they were in possession of such a contract in the Preliminary Pretrial Conference. Plaintiff maintains that counsel was referring to a basic customer agreement provided to each residential customer, and not to a written contract specifically between the parties. The customer agreement was provided to Defendant. Defendant has brought nothing further to the attention of the Court to convince the Court otherwise than the perceived shortcoming is anything but the product of miscommunication, or that any further contract or agreement is in Plaintiff's possession.

Having reviewed the responses to the requests for the production of document provided in Plaintiff's Response to Defendant's Motion to Compel and based on all the information provided by the parties, the Court is satisfied that Plaintiff has provided complete responses to Defendant's requests. In regards to requests number one and number three above, Plaintiff has provided Defendant with DIRECTV's customer records for Defendant, Roy Walls, located at 2480 Summit Street, Columbus, OH.

Plaintiff has provided Defendant with a list of customers with addresses that presumably are authorized by DIRECTV to display its content commercially, of which Roy K. Walls, Jr., Jacks Corner Pub, and 2480-82 Summit Street, Columbus, OH are not among. Lastly, Plaintiff has provided Defendant with the customer agreement, which specifies the terms of use for residential purposes only, that Plaintiff alleges was previously provided to Defendant and to his counsel in response to the requests for production of documents. Defendant has not explained to the Court why he believes additional documents are in the possession of Plaintiff.

In response to request number two above, Plaintiff objected, stating that information regarding prior customers at the address specified cannot be provided. Plaintiff has not provided an explanation for its objection. The Court notes that cable subscribers' privacy rights have some protection under the Cable Communication Policy Act of 1984, 42 U.S.C. §§ 521–561. There are restrictions on collecting and disclosing "personally identifiable information." 42 U.S.C. § 551(a). The parties have not briefed the applicability of the Act to this case. Under those circumstances, assuming for purposes of decision only that the requested information is relevant, the Court is not in a position to rule on whether it is disclosable to Defendant.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Requests for Documents is DENIED.

s/Mark R. Abel
United States Magistrate Judge
