IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIRECTV, Inc.,                          :

                    Plaintiff           :        Civil Action 2:08-cv-00605

      v.                                :

Roy K. Walls, Jr., *et al.*,            :        Magistrate Judge Abel

                    Defendants          :

                                        :

## ORDER

Plaintiff DIRECTV, Inc. brings this action against defendants Roy K. Walls, Jr.

individually and d/b/a Jack's Corner Pub for willfully receiving and displaying

satellite programming to the public for commercial benefit or financial gain without

proper authorization. This matter is before the Court on DIRECTV's April 14, 2009

motion for summary judgment (doc. 12).

## I.      Background

On June 23, 2008, plaintiff DIRECTV filed this action against defendants

alleging that on or about and prior to September 23, 2007, defendants willfully received

and displayed satellite programming, including National Football League games avail-

able through DIRECTV's premium "Sunday Ticket" programming, to the public for

commercial benefit or financial gain without the authorization of DIRECTV. (Doc. #1 at

¶12). Plaintiff alleges that defendants without entitlement, prior permission,

authorization, and having paid for the right received, broadcasted, used or displayed DIRECTV's satellite programming in the commercial establishment, Jacks Corner Pub, for the benefit of its customers and employees in violation of 18 U.S.C. § 2511 and 47 U.S.C. § 605, among other statutes. (Doc. #1 at ¶13). Plaintiff alleges DIRECTV has been damaged by Defendants in that it has been denied subscription fees, sales have been reduced by unfair competition with its authorized customers, and its proprietary rights in satellite programming have been impaired. (Doc. #1 at ¶14).

## II.   Arguments of the Parties

### A.   DIRECTV

Plaintiff alleges that on September 3, 2007, defendants illegally received and displayed week 3 of NFL Sunday Ticket. DIRECTV is the owner of exclusive rights to distribute NFL Sunday Ticket programming and sells subscriptions to various bars, restaurants, and other commercial establishments. DIRECTV employs auditors to canvass commercial establishments in order to detect the illegal exhibition of its programs. On September 23, 2007, an auditor witnessed the illegal exhibition of week 3 of DIRECTV's NFL Sunday ticket by defendants in their commercial establishment located at 2480 Summit Street, Columbus, Ohio.

Plaintiffs maintain that defendants willfully and knowingly violated 47 U.S.C. § 605 and purposefully defrauded plaintiff by registering a commercial establishment as a residential account.

### B.     Roy K. Walls and Jack's Corner Pub

In February 2007, plaintiff Walls purchased Jack's Corner Pub. Shortly thereafter, Walls contacted DIRECTV to have the satellite service and account placed in his name because the previous manager was cancelling his subscription. Walls contends that no one informed him that he was required to have a commercial account or a pay a commercial rate. Walls maintains that he never represented to DIRECTV that he was requesting residential service or that his premises were residential in nature.

In March 2007, one of the bartenders arranged to have DIRECTV install a new satellite dish, satellite boxes and cable at the bar. A representative of DIRECTV personally came to the bar and to inspect and install the new equipment.

Plaintiff concedes that the bar was open on September 23, 2007 and that it was exhibiting the Indianapolis Colts v. Houston Texans NFL game of the NFL Sunday Ticket program provided by plaintiff. It was Walls understanding, however, that he had authority to receive and exhibit that programming as part of the satellite service for which he was paying DIRECTV.

In October 2007, Walls learned for the first time that he was not paying the commercial rate for the commercial satellite programming he was receiving when he received a demand for $10,0000.00 from plaintiff's counsel. Walls contacted DIRECTV to apply for a commercial subscription, and he paid the initial fee. He received the commercial satellite programming for just a few weeks before it was blocked by

DIRECTV because of the dispute over the $10,000.00. As a result, Walls canceled the service.

Defendants argue that because they believed that they had authority to exhibit the programming, a question of material fact exists with respect to an essential element of the claim. Defendants point to the lack of a written contract between the parties that would have specified the terms of the contractual relationship as the source of the misunderstanding. Although plaintiff produced a generic contract, the effective date of the agreement is April 24, 2007, and this document would not have been provided to Walls when he contacted DIRECTV in February or March 2007 to transfer the account in his name. Defendants maintain that they did not engaged in a fraud, misrepresentation, or deceit; the prohibited conduct occurred simply because of a mistake.

### III.    Discussion

The Federal Communications Act, 47 U.S.C. § 605 provides in pertinent part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Defendants maintain that they did not knowingly or willfully violate section 605. Defendants further contend that they were authorized to exhibit the broadcast and that they were also entitled to receive the broadcast.

The Federal Communications Act does not require a knowing violation. The Act further states that "where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." 47 U.S.C. § 605(e)(3)(C)(iii); *see also Kingvision Pay Per View, Ltd. v. Williams*, 1 F.Supp.2d 1481, 1484 (S.D. Ga.,1998). Thus, defendants' knowledge concerns the calculation of damages and not liability.

Because there are no questions of material fact concerning issues of liability, DIRECTV's April 14, 2009 motion for summary judgment (doc. 12) is GRANTED as to liability. Counsel are directed to consult with one another and telephone my office to discuss whether they wish to have the issue of damages decided by further briefing or by a hearing before the Court.

s/ Mark R. Abel
United States Magistrate Judge
